**STATE of Missouri, Respondent,**

v.

**Mark D. JACKSON, Appellant.**

**No. WD 62992.**

Missouri Court of Appeals,
Western District.

Sept. 28, 2004.

Ruth Sanders, Kansas City, MO, for appellant.

Andrea K. Spillars, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, THOMAS H. NEWTON, Judge and LISA WHITE HARDWICK, Judge.

***ORDER***

PER CURIAM.

Appellant Mark D. Jackson was charged by information in lieu of indictment with four counts of statutory rape in the first degree, § 566.032; five counts of statutory sodomy in the first degree, § 566.062; one count of attempted statutory rape in the first degree, § 564.011; one count of child molestation in the first degree, § 566.067; two counts of sexual misconduct in the first degree, § 566.090; one count of sexual misconduct in the third degree, § 566.095, and two counts of furnishing pornographic material to a minor, § 573.040. (All statutory references are to RSMo 2000.) Nine counts pertained to one alleged victim, D.B., while the other seven related to another alleged victim, D.W.

After a bench trial during which both D.B. and D.W. testified, the court acquitted Jackson of one count of statutory rape in the first degree (as to D.B.), one count of sexual misconduct in the first degree (as to D.B.), and both counts of furnishing pornographic materials to a minor (as to D.B. and D.W.), but found him guilty as charged on the remaining twelve counts, six of which pertained to D.B. and six of which pertained to D.W. The court sentenced Jackson to a total term of twenty years of imprisonment in the custody of the Missouri Department of Corrections, ordering that all twelve of his sentences be served concurrently.

In this direct appeal, Jackson contends that he is entitled to a new trial on all charges since the trial court prejudicially erred in admitting into evidence at trial

the various out-of-court statements allegedly made by D.W. to her mother, M.N., because the time, content, and circumstances of those statements were not sufficiently reliable for them to be admitted under the statutory hearsay exception provided in § 491.075.1, RSMo 2000.

We affirm the judgment of the trial court. No jurisprudential purpose would be served by a formal written opinion. However, a memorandum explaining the reasons for our decision has been provided to the parties.

Judgment affirmed. *Rule 30.25(b).*